IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBA M. O'PERE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-10230 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITIMORTGAGE BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant CitiMortgage Bank, N.A.'s ("CitiMortgage") motion to dismiss [11] pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant Codilis & Associates, P.C.'s ("C&A") motion to dismiss [15] pursuant to Rule 12(b)(1) and 12(b)(6) and, in the alternative, requested abstention of the federal action. For the reasons set forth below, both motions [11 and 15] are granted under Rule 12(b)(6), and the case is closed.

**I.    Background**

On February 14, 2013, CitiMortgage initiated an action against Plaintiff in the Chancery Division of the Circuit Court of Cook County (Case No. 13 CH 4509) ("the Foreclosure Case") seeking to foreclose a mortgage on property located at 445 Normal Avenue, Chicago Heights, Illinois 60411. On December 19, 2014, Plaintiff filed a single-count complaint [1] in this Court alleging that CitiMortgage violated § 1692(g) of the Fair Debt Collection Practices Act ("FDCPA") when it mailed her a letter on February 13, 2013 before initiating the Foreclosure Case. Plaintiff asserts on information and belief that Federal Home Loan Mortgage Corporation, not CitiMortgage, is the creditor and that CitiMortgage is only the servicer—in effect, CitiMortgage misrepresented who was the mortgagee to the Plaintiff. In the complaint, Plaintiff

purports to attach "a form or template document, intended for use as the initial demand letter defendant sent to [Plaintiff]" as Exhibit A [1 at 3], but Plaintiff did not actually attach the document to the complaint nor did she subsequently file it with the Court. CitiMortgage secured a judgment of foreclosure and sale in the Foreclosure Case in state court against Plaintiff—though, there is a discrepancy between Defendant's motion [15], which lists January 8, 2015 as the date of judgment of foreclosure, and the judgment of foreclosure and sale, which it attached to the motion, dated June 2, 2014. [15, Ex. 4].

CitiMortgage and C&A filed their respective motions to dismiss Plaintiff's complaint on March 16, 2015. On March 24, 2015, the Court set a briefing schedule that gave Plaintiff until April 21, 2015 to respond to CitiMortgage's motion. Plaintiff failed to file a response. Plaintiff did file a copy of a publication by the Illinois Attorney General's Office on mortgage lending in Illinois as an exhibit with the Court on May 27, 2015 [20].

## II.     Legal Standard

Both a Rule 12(b)(6) motion and a Rule 12(b)(1) motion share the same purpose: not to decide the merits of the case, but to test the sufficiency of the complaint. See *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012) (discussing 12(b)(6)); *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (discussing 12(b)(1)). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C.*

*v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558.

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.,* 570 F.3d 907, 913 (7th Cir. 2009). In evaluating a motion brought under Rule 12(b)(1), the Court accepts as true the plaintiff's well-pleaded allegations and draws all reasonable inferences in favor of the nonmoving party. *Long,* 182 F.3d at 554. The Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). With motions under Rule 12(b)(1) and 12(b)(6), the Court accepts as true all of Plaintiff's factual allegations and draws all reasonable inferences in Plaintiff's favor.

**III.    Analysis**

    **A.    Statute of Limitations**

C&A argues that statute of limitations issues are subject to dismissal under Rule 12(b)(1), whereas CitiMortgage brings this issue to the Court's attention under Rule 12(b)(6). C&A concedes that 12(b)(6) could be "the proper vehicle for dismissing claims as time-barred." [15 at 2, n.2]. Generally, a statute of limitations bar is an affirmative defense, and it is "irregular" to dismiss a claim as untimely on a motion to dismiss. *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006) (citation omitted). However, dismissal under Rule 12(b)(6) is appropriate when the plaintiff effectively pleads himself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense. *Id.* A defendant may raise the statute of limitations in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005). A statute of limitations argument might more typically be raised in a motion for judgment on the pleadings under Rule 12(c), but "the practical effect is the same." *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir.2009). When "the relevant dates are set forth unambiguously in the complaint," it is appropriate to consider the statute of limitations at the motion to dismiss stage. *Id.* The question at this stage is whether the Plaintiff's complaint includes a set of facts that if proven would establish a defense to the statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003). With these principles in mind, the Court turns to the allegations in the complaint.

The Fair Debt Collection Practices Act ("FDCPA") requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing" various details informing the debtor of "the amount of the debt, "the name of the creditor to whom the debt is

owed, and their rights under federal law. 15 U.S.C.A. § 1692g. As mentioned above, Plaintiff alleges in her complaint that CitiMortgage's letter was deficient in some way under Section 1692g. [1 at 3]. However, Plaintiff has not provided the Court with the allegedly deficient letter, either with her complaint or at any time since.

Even if Plaintiff had provided the letter, Plaintiff's claim arising under Section 1692g is time-barred. The FDCPA also provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); see also *Gulley v. Pierce & Associates, P.C.*, 436 F. App'x 662, 664 (7th Cir. 2011) (determining "the limitations period for such claims is one year") (citing 15 U.S.C. § 1692k(d); *Ruth v. Unifund CCR Partners,* 604 F.3d 908, 910 (6th Cir. 2010)); see also *McCready v. Harrison*, 67 F. App'x 971, 974 (7th Cir. 2003) (same). Plaintiff alleges that CitiMortgage communicated with her in violation of the FDCPA on February 13, 2013. Plaintiff needed to bring that claim, then, by February 13, 2014. However, Plaintiff did not file her complaint in this Court until December 19, 2014, several months after the limitations period lapsed. Therefore, Plaintiff's claim under 15 U.S.C. § 1692k(g) is time-barred. Plaintiff has effectively "pleaded [herself] out of court by pleading facts that establish an impenetrable defense to its claims"—namely, the one-year statute of limitations for claims arising under 15 U.S.C. § 1692k(g). See *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008).

Although Plaintiff has not alleged a continuing violation of the FDCPA, the Court would reject such an argument if she did. "The continuing violation doctrine is usually invoked to defeat a statute of limitations bar for conduct that falls outside the relevant period." *Vance v. Ball*

*State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011). Even if the Foreclosure Case may constitute a continuing violation of § 1692k(d), which conceivably accrued at the conclusion of the Foreclosure Case, the Seventh Circuit has clarified that "statutes of limitations begin to run upon injury 'and [are] not tolled by subsequent injuries,' and has emphasized that the continuing violation doctrine applies narrowly where there is no violation at all until a series of non-actionable wrongs accumulate to form a cause of action." *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 09 C 1226, 2010 WL 431484, at *3 (N.D. Ill. Jan. 29, 2010) (quoting *Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 801 (7th Cir. 2007)). This is not a case where the Court cannot determine when the alleged FDCPA violation occurred; the Plaintiff identifies the date of the alleged violation—February 13, 2013—in the complaint. Compare [1 at 2] with *Matthews v. Capital One Bank,* No. 1:07–CV–1220, 2008 WL 4724277, at *3 (S.D. Ind. Oct.24, 2008) (deferring ruling on continuing violation doctrine and statute of limitations at 12(b)(6) stage where court could not determine dates on which violation occurred).

Furthermore, "the only courts that have found [a continuing violations theory of the FDCPA] persuasive are located in districts outside the Seventh Circuit." *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002, at *9 (N.D. Ill. Aug. 1, 2014). Here, Plaintiff alleges a discrete act: a material misrepresentation by CitiMortgage on a single day. Plaintiff alleges no other additional act in her complaint nor is there anything within the four corners of the complaint that would allow the Court to infer that the alleged FDCPA violation blossomed within a year's time before Plaintiff filed the complaint. *See Kovacs v. United States,* 614 F.3d 666, 676 (7th Cir. 2010) ("The continuing violation doctrine * * * does not apply to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing.") (internal quotation marks omitted), *Lockhart v. HSBC Fin. Corp.*, No.

13 C 9323, 2014 WL 3811002, at *9 (N.D. Ill. Aug. 1, 2014) ("The purpose of the continuing violation doctrine is not to reset the statute of limitations every time an individual act occur.")

B. *Colorado River* Abstention

The Court pauses to consider C&A's argument that, in the alternative, the Court should abstain under the *Colorado River* doctrine. "Abstention from the exercise of federal jurisdiction is the exception, not the rule: The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). *Colorado River* abstention is inappropriate here as the state court proceeding concluded on January 8, 2015. See *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497-98 (7th Cir. 2011) ("[*Colorado River*] comes into play when parallel state court and federal court lawsuits are *pending* between the same parties.") (emphasis added); *cf. Smith v. Bank of America, N.A.,* 2014 WL 3938547, at *3 (N.D. Ill. Aug. 12, 2014) (concluding that abstention under *Colorado River* is appropriate where "foreclosure [judgment] against [the plaintiff] in the state case will necessarily resolve BANA's standing to foreclose on the Mortgage and will thus dispose of the sole basis for all of [the plaintiff's] claims" including his FDCPA claim).

Had the Circuit Court of Cook County stayed its proceedings pending the proceedings in this Court, *Colorado River* abstention could apply. *Cf., e.g.*, *Nieves v. Bank of Am., N.A.*, No. 14-CV-2300, 2015 WL 753977, at *3 (N.D. Ill. Feb. 20, 2015). However, now that the Foreclosure Case has concluded, there is no concurrent state proceeding that would trigger a *Colorado River* consideration. Finally, were the Court to abstain under *Colorado River* because of a pending state foreclosure case, a stay, not a dismissal, would result. See *Montano v. City of Chicago,* 375

F.3d 593, 602 (7th Cir. 2004) (concluding that the "appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay, not a dismissal").

**IV.      Conclusion**

For the reasons set forth above, both Defendant CitiMortgage Bank, N.A.'s motion to dismiss [11] pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant Codilis & Associates, P.C.'s motion to dismiss [15] pursuant to Rule 12(b)(1) and 12(b)(6) are granted, and the case is closed.

Dated: November 9, 2015                    _____
                                                   Robert M. Dow, Jr.
                                                   United States District Judge